UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELICA CASTAÑON, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>*Defendants*. | Civil Action No. 18-2545 (RDM) |

### REQUEST FOR DESIGNATION OF A THREE-JUDGE COURT

**To the Honorable Merrick B. Garland, Chief Judge of the United States Court of Appeals for the District of Columbia Circuit:**

Plaintiffs, residents of the District of Columbia challenging their lack of voting representation in Congress, have filed an "Application for Three-Judge Court" pursuant to 28 U.S.C. § 2284 and Local Rule 9.1.  Dkt. 10.  They argue that this action challenges their total "exclusion from apportionment," Dkt. 9 at 4 (quoting *Adams v. Clinton*, 26 F. Supp. 2d 156, 161 (D.D.C. 1998), and it is, accordingly, subject to 28 U.S.C. § 2284.  Under that provision, if (a) an action challenges "the constitutionality of the apportionment of congressional districts" and (b) a request is made for a three-judge court, this Court must "immediately notify the chief judge of the circuit, who shall designate two other judges" to hear this case.  28 U.S.C. § 2284(b)(1).

The Court concludes that it is appropriate to convene a three-judge court in this action. Although a "district judge need not unthinkingly initiate the procedures to convene a three-judge court without first examining the allegations in the complaint," *Shapiro v. McManus*, 136 S. Ct. 450, 455 (2015), the convening of a three-judge court is "required" in a challenge to the constitutionality of the apportionment of congressional districts, unless the claim is "wholly

insubstantial and frivolous," *id.* at 454–55.  Constitutional challenges, moreover, "'will not lightly be found insubstantial for purposes of' the three-judge-court statute."  *Id.* at 455 (quoting *Washington v. Confederated Tribes of Colville Reservation*, 447 U.S. 134, 147–48 (1980)).  A claim is insubstantial only if it is "essentially fictitious," "obviously frivolous," or "obviously without merit."  *Goosby v. Osser*, 409 U.S. 512, 518 (1973) (internal citations omitted).  Where, as here, the defendants contend that a prior decision is controlling, the Court should treat the new challenge as "insubstantial only if the prior decisions inescapably render the claims frivolous"—that is, their "'unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.'"  *Id.* (quoting *Ex parte Poresky*, 290 U.S. 30, 32 (1933)).

      Here, Plaintiffs allege violations of their rights to equal protection, due process, and freedom of association.  *See* Dkt. 9 (Amended Compl. ¶¶ 135–142).  Although a prior three-judge court in this jurisdiction rejected equal protection and due process claims in a similar challenge, *see Adams v. Clinton*, 90 F. Supp. 2d 35 (D.D.C. 2000), *aff'd*, 531 U.S. 941 (2000), Plaintiffs argue that intervening changes in the law and differences in their arguments—including their assertion of a freedom of association claim, which was neither raised nor decided in *Adams*—mean that "the claims advanced here are [not] precluded by *Adams*."  Dkt. 9 at 45 (Amended Compl. ¶ 127).  That may or may not be correct, but the claims that Plaintiffs assert are not so "inescapably" resolved by *Adams* as to "leave no room for the inference that the questions sought to be raised can be the subject of controversy."  *Goosby*, 409 U.S. at 518 (internal quotations omitted).

      The Court, accordingly, concludes that, even if Plaintiffs might "ultimately fail on the merits of their suit[,] . . . § 2284 entitles them to make their case before a three-judge district

court." *Shapiro*, 136 S. Ct. at 456.  As a result, the Court hereby respectfully requests that you designate two judges in addition to myself to participate in hearing and determining the claims raised in this action.

        /s/ Randolph D. Moss
        RANDOLPH D. MOSS
        United States District Judge

Date:  December 14, 2018